$$\frac{12}{12} \quad \frac{1}{488}$$
$$\left|\frac{12}{37} \quad \frac{1}{250}\right.$$
$$\frac{12}{54} \quad \frac{1}{423}$$

---

### PRESENT:

HON. SAMUEL MAXWELL, CHIEF JUSTICE.
" GEORGE B. LAKE, } JUDGES.
" AMASA COBB,

---

ALMON H. WILSON, PLAINTIFF IN ERROR, v. L. J. BUM-
STEAD, DEFENDANT IN ERROR.

Action for Death. An action for causing the death of a human
being must be brought by the personal representatives of the
deceased.

ERROR to the district court for Lancaster county. Tried
below before POUND, J. The case is stated in the opinion.

*Mason & Whedon*, for plaintiff in error, cited *Pennsyl-*
*vania Railroad v. Zebe*, 33 Penn. State, 318. *Sullivan v.*
*U. P. Railroad*, 3 Dillon, 335. *Peck v. Mayor*, 3 Com-
stock, 489. Field on Damages. *Gilligan v. The New York*

*& Harlem R. R.*, 1 E. D. Smith, 458.    *Potter v. Chicago & Northwestern R. R.*, 21 Wis., 372.

*W. J. Lamb*, for defendant in error.

No action would lie at common law.    Sedgwick on Damages, 644.    The whole matter is regulated by statute. Comp. Stat., 211.    *Railroad Co. v. Barron*, 5 Wall., 90. *Dickens v. New York Central*, 28 Barb., 41.    *Pennsylvania Railroad v. Bantom*, 54 Penn. State, 495.    *Taylor v. Western Pacific*, 45 Cal., 324.    *Chicago & Rock Island v. Morris*, 26 Ill., 400.    *C. C. & C. R. R. v. Crawford*, 24 Ohio State, 633.

MAXWELL, CH. J.

The plaintiff in his own name commenced an action in the district court of Lancaster county against the defendant to recover from him $10,000.00 for the death of two of his children alleged to have been caused by the defendant who " so carelessly, negligently, ignorantly and unskilfully doctored and cared for said children ; that by the ignorance, negligence and unskilfullness of said defendant, the said children were both killed, and died from the effects of the ignorance, carelessness, negligence and unskilfullness of said defendant, L. J. Bumstead," etc.

The defendant answered the petition and alleged, *First.* That the plaintiff is not now, nor was he at the commencement of the action next of kin to said deceased persons.    *Second.* That there is a defect of parties plaintiff in this that the legal representatives of the deceased children are not made parties plaintiff, etc.    The third defense it is unnecessary to notice.

The plaintiff demurred to the first and second counts of the answer.    The demurrer was overruled and the plaintiff electing to stand on his demurrer the action was dismissed.

The question to be determined is, must an action of this kind be brought by the administrator, or may a father maintain an action in his own name for the death of his children?

Chapter 21 of the Comp. Stat., 211 is as follows:

Section 1.   That whenever the death of a person shall be caused by the wrongful act, neglect, or default, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company, or corporation, which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

Sec. 2.   That every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law, in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries, resulting from such death, to the wife and next of kin of such deceased person, not exceeding the sum of five thousand dollars; *Provided*, That every such action shall be commenced within two years after the death of such person.

At common law and independent of statutory provisions, an action for damages cannot be maintained for the death of a human being.   There are a few cases decided in this country, notably that of *Sullivan v. Union Pacific R. R. Co.*, 3 Dillon, 335, where it is held that

such an action can be maintained. But it is evident from an examination of the cases that such decisions are not derived from the common law.

Judge Cooley in his work on Torts, page 14, says: "In the vast majority of all the cases in which remedies are given for wrongs committed, the judge looks only to the common law, and must administer justice on principles which have grown up irrespective of statutes, and which, no matter how recently announced, are assumed to have existed from time immemorial." Again on page 15 of the same work it is said: "No action would lie at common law for causing the death of a human being. This was as thoroughly settled by decisions as it was possible for any point to be, and the concurrence of authority was unanimous."

In the application of the principles of the common law, where the precedents are unanimous in the support of a proposition, there is no safety but in a strict adherence to such precedents. If the court will not follow established rules, rights are sacrificed, and lawyers and litigants are left in doubt and uncertainty, while there is no certainty in regard to what, upon a given state of facts, the decision of the court will be. If the common law rule is inadequate, the proper course is by legislation, and such was the course pursued in this case. As no action would lie at common law, the remedy is entirely statutory, and the conditions, upon which the right to maintain the action rest, must be complied with. The second section provides that: "Every such action shall be brought by and in the names of the personal representatives of such deceased person." They are the only persons authorized to bring the action. The object doubtless was to prevent a multiplicity of suits in cases where the next of kin were numerous, and to make an equitable distribution of the amount recovered among all those entitled to the same.

But it is said that in any event the plaintiff is entitled

to recover his reasonable costs and expenses, incurred during the sickness of the children. This would be true in a proper case, but the object of this action is to recover for the death of the children, and not for costs and expenses. And there is no statement of facts in the petition, showing the amount of the same, or the defendant's liability therefor. The judgment of the court below is clearly right and is affirmed.

JUDGMENT AFFIRMED.