NORFOLK BEET-SUGAR COMPANY v. THOMAS G. HIGHT.

FILED OCTOBER 5, 1899. No. 10,780.

1. **Pleading: AMENDMENTS.** A petition in which the cause of action is insufficiently or defectively stated may be amended by adding other allegations to remedy or cure the defects.

2. ——: ——: **LIMITATION OF ACTIONS.** The statute of limitations does not run against an amended pleading wherein the amend-

ment consists in setting forth a more complete statement of the original cause of action.

3. **Master and Servant: Negligence: Scope of Employment: Instructions.** In the trial of an action grounded in negligence it is proper to submit to the jury the question whether the plaintiff was, at the time he received the injury, engaged in the performance of work outside of his contract, and different in character from that which he has undertaken to perform.

4. **Conflicting Evidence: Review.** A special finding of the jury based upon conflicting evidence will not be disturbed.

5. **Master and Servant: Risks of Employment.** A servant, while temporarily employed in a more hazardous service than that for which he has been engaged, assumes only such risks in connection with the work as are equally open and apparent to himself and his employer.

6. ———: **Scope of Employment: Notice of Danger.** If a servant is called by his master to perform work beyond the scope and terms of his employment, and there are hazards incident to the extra service which are, or ought to be, known to the master, and which the servant, on account of ignorance or lack of experience, does not understand or appreciate, it is the duty of the master to point them out—to indicate the peril and the means of avoiding it.

7. ———: ———: ———: **Contributory Negligence.** But if the danger is in fact known to the servant, or if the accident could be avoided by the exercise of ordinary care on his part, the doctrine of contributory negligence forbids a recovery.

Error from the district court of Madison county. Tried below before Allen, J.   *Affirmed.*

See opinion for statement of the case.

*Robertson & Wigton,* for plaintiff in error:

The amendment to the petition introduced a new cause of action, against which the plea of the statute of limitations should have been sustained. See *Union P. R. Co. v. Wyler,* 15 Sup. Ct. Rep., 877; *Denman v. Chicago, B. & Q. R. Co.,* 52 Nebr., 140; *Mayo v. Spartanburg, U. & C. R. Co.,* 21 S. E. Rep. [S. Car.], 10; *Chicago, B. & Q. R. Co. v. Jones,* 37 N. E. Rep. [Ill.], 247; *American Salt Co. v. Heidenheimer,* 15 S. W. Rep. [Tex.], 1038; *Anniston & A. R. Co. v. Ledbetter,* 9 So. Rep. [Ala.], 73; *Smith v. Missouri P. R.*

*Co.*, 50 Fed. Rep., 760; *Fish v. Farwell*, 43 N. E. Rep. [Ill.], 367; *Gulf, C. & S. F. R. Co. v. Thompson*, 16 S. W. Rep. [Tex.], 174; *Morales v. Fisk*, 18 S. W. Rep. [Tex.], 495; *Nugent v. Adsit*, 53 N. W. Rep. [Mich.], 620; *Wigton v. Smith*, 57 Nebr., 299.

The law imposes the same obligation upon the servant to avoid apparent dangers while doing work without the scope of his employment as it does if the work is within the scope of his employment, and the servant assumes the risks incident to the performance of the work. See *Leary v. Boston & A. R. Co.*, 139 Mass., 580; *Cole v. Chicago & N. R. Co.*, 71 Wis., 114; *Wheeler v. Berry*, 95 Mich., 250; *Prentiss v. Kent Furniture Mfg. Co.*, 63 Mich., 478; *Wormell v. Maine C. R. Co.*, 79 Me., 397; *Fort Smith Oil Co. v. Slover*, 58 Ark., 168; *Paule v. Florence Mining Co.*, 80 Wis., 350; *Hogan v. Northern P. R. Co.*, 53 Fed. Rep., 519.

*Brome & Burnett* and *Mapes & Hazen*, contra:

The cause of action stated in the amended petition is the same as that upon which the action was originally based. The amendment consists merely of the statement of other and additional facts relevant to the cause of action originally set forth, and the action is not barred by the statute of limitations. The original petition stated a cause of action. See *Norfolk Beet-Sugar Co. v. Hight*, 56 Nebr., 162; *McKeighan v. Hopkins*, 19 Nebr., 34; *Merrill v. Wright*, 54 Nebr., 517; *Sanger v. City of Newton*, 134 Mass., 308; *Smith v. Missouri P. R. Co.*, 5 C. C. A. [U. S.], 557; *Kuhns v. Wisconsin, I. & N. R. Co.*, 76 Ia., 67; *Buel v. St. Louis Transfer Co.*, 45 Mo., 562; *Lottman v. Barnett*, 62 Mo., 159; *Gourley v. St. Louis & S. F. R. Co.*, 35 Mo. App., 87; *Eylton Land Co. v. Mingea*, 7 So. Rep. [Ala.], 666; *Scovill v. Glasner*, 79 Mo., 449; *North Chicago Rolling Mill Co. v. Monka*, 107 Ill., 340; *Sherman Oil & Cotton Co. v. Stewart*, 42 S. W. Rep. [Tex.], 241; *Craven v. Walker*, 29 S. E. Rep. [Ga.], 152; *Schneider-Davis Co. v. Brown*, 46 S. W. Rep. [Tex.], 108; *Ruberg v. Brown*, 27 S.

Norfolk Beet-Sugar Co. v. Hight.

E. Rep. [S. Car.], 873; *Elting v. Dayton*, 67 Hun [N. Y.], 425; *People v. Cook*, 62 Hun [N. Y.], 304; *Dana v. McClure*, 39 Vt., 197; *Rand v. Webber*, 64 Me., 191; *Verdery v. Barrett*, 89 Ga., 349; *Kansas P. R. Co. v. Runkel*, 17 Kan., 145; *Cross v. Evans*, 29 C. C. A. [U. S.], 529; *Chicago & N. W. R. Co. v. Gillison*, 50 N. E. Rep. [Ill.], 657; *Middlesex Banking Co. v. Smith*, 27 C. C. A. [U. S.], 485; *Triplett v. Morris*, 44 S. W. Rep. [Tex.], 684.

SULLIVAN, J.

The plaintiff, Thomas G. Hight, recovered a judgment against the Norfolk Beet-Sugar Company on account of personal injuries which he sustained while engaged in the service of the defendant. The original petition alleged that the plaintiff was employed by the defendant in its sugar factory as a common laborer; that in the room where he was at work there was a rapidly moving belt used to propel certain machinery; that defendant's foreman negligently ordered plaintiff to take a gunny-sack and wipe from such belt some water which had accumulated thereon; that plaintiff had no experience in the use and operation of such machinery, and was ignorant of the peril involved in yielding obedience to the foreman's direction; that he proceeded, in the manner indicated by the foreman, to wipe the water from the belt, and while so doing, his hand, coming in contact with the belt, was drawn over the wheel on which the belt was running, and was crushed and mangled. To this petition a demurrer was sustained on the theory, no doubt, that the plaintiff was injured while engaged in the work for which he was employed, and that the accident in question was within the risks impliedly assumed. Afterwards the pleading was amended by adding thereto an allegation to the effect that the plaintiff's duty to his employer was simply to sweep the floor of the room in which he was injured, and that the wiping of belts was not within the scope of his employment. It is now insisted by the defendant that this amendment introduced

into the case a new cause of action and one which was, at the time, barred by the statute of limitations. This view of the matter was not accepted by the trial court and it does not commend itself to us. The gravamen of the action alleged in the original, as well as in the amended, petition was the wrongful act of defendant's foreman in requiring plaintiff to perform a dangerous service without informing him of the danger. In both pleadings the same negligent act is assigned as the basis for a recovery. The amendment is a mere amplification of the original statement. It charges no additional wrongful act, but merely states another fact to sustain the charge already made. In support of our conclusion that the cause of action stated in the amended petition was not barred by the statute of limitations we refer to *McKeighan v. Hopkins,* 19 Nebr., 33; *Merrill v. Wright,* 54 Nebr., 517; *North Chicago R. M. Co. v. Monka,* 107 Ill., 340; *Kuhns v. Wisconsin, I. & N. R. Co.,* 76 Ia., 67; *Scovill v. Glasner,* 79 Mo., 449; *Smith v. Missouri P. R. Co.,* 5 C. C. A. [U. S.], 557.

The jury, in addition to their general verdict, found specially that the plaintiff was injured while performing work outside of his regular employment, and not embraced in the contract of hiring. This finding, counsel for defendant insist, is not sustained by sufficient evidence. We think it is. Hight's testimony tended to show that he was engaged by the company's foreman for a particular purpose, viz., to sweep and keep clean the floor of the "filter-press room," and that the handling and care of the running belts, or any work of that character, was not contemplated by either party as being within the scope of the employment. Whether the work in which plaintiff was engaged at the time of the accident was outside of his duties and different in character from that which he had undertaken to perform, depending, as it does, upon the contract, was properly left to the jury to decide. They have decided it upon conflicting evidence. Their conclusion has been approved by the trial court;

and we see no reason why we should not accept it as conclusive.

The court in the tenth paragraph of the charge to the jury said: "A servant assumes the risks arising from the manner in which the business of the master in which he is engaged is conducted, when they are known to him, or are apparent and obvious to persons of his experience and understanding if he voluntarily enter into the employment or continue in it without complaint or objection to the hazards, and he cannot recover for injuries thus sustained. If however the servant is suddenly called on by the master to perform a duty not falling within the scope of the duties of his contract of employment and he does so he will have a right to rely upon the implied assurance of the master that the danger to his person to be encountered thereby is such only as can be guarded against by the exercise of ordinary care and prudence on his part, and if he use such care and prudence and is injured the master will be liable." This instruction, it is claimed, is erroneous because it relieves the servant from the duty of exercising his faculties to protect himself from the apparent dangers incident to the work which he is required to do. The criticism, we think, altogether unwarranted. The theory of the instruction, of course, is that the danger of handling running belts may not be fully understood by ordinary laborers, and that one who engages to sweep floors in a factory does not, in contemplation of law, represent that he is qualified to wipe water from such belts or that he has any adequate appreciation of the risk incident to work of that character. The plaintiff having been injured, according to the special verdict, while temporarily employed in a more hazardous service than that for which he had engaged, he assumed and took upon himself only such risks in connection with the work as were equally open and apparent to himself and his employer. See Pierce, Railroads, 378; 2 Thompson, Negligence, p. 976, sec. 7.

The rule that a servant assumes the risks ordinarily incident to the service in which he is engaged, and is presumed to have contracted with reference to such risks, does not measure the master's duty when he calls upon his servant to do work beyond the terms and intention of his contract. The law in such case is that if there are hazards incident to the extra service which are, or ought to be, known to the master, and which the servant, on account of ignorance or lack of experience, does not understand or appreciate, it is the master's duty to point them out—to indicate the peril and the means of avoiding it. See *Smith v. Peninsular Car Works*, 60 Mich., 501; *Consolidated Coal Co. v. Wombacher*, 134 Ill., 57; *Consolidated Coal Co. v. Haenni*, 146 Ill., 614; Wood, Master and Servant, sec. 349. But if the danger is in fact known to the servant, or if the accident could be avoided by the exercise of ordinary care on his part, the doctrine of contributory negligence forbids a recovery. By their verdict the jury have in effect said that the plaintiff was without fault in connection with the accident, and that the work in which he was engaged when injured was of such a character that the risks incident thereto were not as fully understood and appreciated by him as by the defendant's foreman. We can not say that these conclusions are unjustifiable deductions from the evidence. We can not declare, as a matter of law, that the plaintiff possessed sufficient knowledge to enable him to comprehend the character and extent of the danger to which he was exposed. The judgment of the district court is

AFFIRMED.