CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. HALLECK C. YOUNG, ADMINISTRATOR OF THE ESTATE OF ELLSWORTH H. MORSE, DECEASED.

FILED FEBRUARY 17, 1903. No. 12,026.

Commissioner's opinion, Department No. 1.

1. **Statute of Limitations:** AMENDED PLEADING. "The statute of limitations does not run against an amended pleading wherein the amendment consists in setting forth a more complete statement of the original cause of action." *Norfolk Beet-Sugar Co. v. Hight*, 59 Nebr., 100.

2. **Petition:** LORD CAMPBELL'S ACT: AMENDMENT OF PETITION. Where the petition sets forth in general terms pecuniary loss in an action under Lord Campbell's Act, it is no abuse of discretion to permit an amendment setting forth the particular facts from which such loss is inferable.

3. **Damages:** AMOUNT: DEPENDENT RELATIVES. Damages in the sum of $1,100 on behalf of a mother and a sister to whom a son and brother, thirty-five years of age, able-bodied, successful in business, earning a salary of $1,800, unmarried, was accustomed from time to time to render pecuniary assistance, *held* not excessive.

Syllabus by court; catch-words by editor.

**3. Deposition: FIVE YEARS: PRESUMPTION.** Depositions given in the same action about five years previous to the final decision, showing next of kin to be then alive, carry a presumption of their existence at the time of the verdict.

ERROR from the district court for Lancaster county. Action in the nature of case, under Lord Campbell's Act, for the death of plaintiff's intestate. Tried below before CORNISH, J. Judgment for plaintiff. *Affirmed.*

*W. F. Evans, Lorenzo W. Billingsley, Robert J. Greene* and *Richard H. Hagelin,* for plaintiff in error.

*Jesse B. Strode* and *Edmund C. Strode, contra.*

HASTINGS, C.

This case was previously before the court, and the opinion by which it was then decided is found in 58 Nebr., 678. The former judgment against the railroad company was there reversed, because the petition did not set forth the facts indicating pecuniary loss on the part of the next of kin by the death of the plaintiff's intestate. After the reversal in that action, an amended petition was filed, setting out that the deceased, prior to his death, for many years had expended, and would have continued to expend, large sums of money for the benefit of his mother, brothers and sisters; that at the time of his death he was employed at a salary of $1,800; that he was unmarried, and was adding, and would have continued to add, to his estate, and to the pecuniary interest and expectancy of those relatives in it. The amendment consisted simply of those added particulars of pecuniary loss which were found to be wanting in the original petition.

The errors complained of are that the action was at the time of the amendment barred by the statute of limitations; that the court erred in permitting these amendments; that the damages are excessive; and that there is no next of kin, so far as the evidence shows.

Counsel for plaintiff in error say that the former de-

cision shows that no cause of action was alleged at all in the original petition, therefore the amendment must set forth a new one; and that the doctrine is that as to any new cause of action brought in by an amendment the statute applies at the date of the amendment, and not at the date of the original commencement of the action. The reasoning seems fallacious. A petition is not necessarily a nullity because it does not fully and properly set out a cause of action and because an objection to it is sustained. *Merrill v. Wright,* 54 Nebr., 517, 519. The question of whether or not the statute of limitations should prevail against an amendment, seems to turn, not upon the correctness of the pleading, but upon the identity of the cause of action sought to be set up. If the cause of action attempted to be set forth in the amended pleading is the same, the fact that it was defectively stated in the first petition will not prevent the application of section 19 of the Code of Civil Procedure, which provides that an action shall be deemed commenced, within the provisions of the statute of limitations, at the date of the summons which is served on the defendant. In many cases, the question as to the identity of the action is a nice one, and there are many precedents as to when it is to be deemed the same cause of action and when it should be considered a different one. Both are freely cited in the able briefs of counsel in this case. There seems no question that we have here in the amended petition exactly the same cause of action attempted to be set out in the original one, but which this court found defective, because not alleging the facts from which pecuniary damage was inferable. It was thought that such facts were required under the ruling adopted by this court in *Chicago, B. & Q. R. Co. v. Van Buskirk,* 58 Nebr., 252, and *Chicago, B. & Q. R. Co. v. Bond,* 58 Nebr., 385. It is impossible to see how the identity of the cause of action is in any way changed by the addition of particulars as to pecuniary damage suffered by the next of kin. The case, therefore, seems to be determined by that of *Norfolk Beet-Sugar Co. v. Hight,* 59 Nebr., 100,

the syllabus of which says: "The statute of limitations does not run against an amended pleading wherein the amendment consists in setting forth a more complete statement of the original cause of action."

With regard to the propriety of the amendment and of the court's action in permitting it, it would certainly seem that there can be as little question. Section 144 of the Code of Civil Procedure permits the court to allow amendments by correcting a mistake in the name of the party or a mistake in any other respect, or by inserting other allegations material to the case. In the original petition a general allegation of damages was made. The petition was held defective for not inserting the particulars of the damages. To have refused the plaintiff permission to insert these particulars would have been a denial of justice because of the oversight of the pleader. Such action might properly have been complained of as an abuse of discretion.

It is urged in support of the complaint as to excessive damages that the testimony of the mother shows that she had seen her son only three times between 1887 and August, 1894, the date of his death; that during these seven years he had made gifts and paid bills for her to the amount of about $200; that her expectancy of life at that time was less than fourteen years; that the sister had testified that during these seven years she had received gifts from her brother to the amount of $15 or $20, and her expectancy of life was less than twenty-nine years. It is contended that on this basis the verdict of the jury, $1,100, is not supported by the evidence. The evidence, however, shows that the deceased was thirty-five years of age, ablebodied and of good habits, successful in business, and employed at a salary of $1,800 a year, and accustomed to make gifts to his relatives, and provide for the comfort and welfare of his mother. The action of the jury in fixing his pecuniary value to the mother and sister at $1,100 seems to have been reasonable.

With regard to the complaint that there is no showing

of the next of kin's existence, it is conceded that the mother's deposition was taken in 1895, shortly after the institution of the action. It was admitted at the second trial under an agreement that it might be used "as of this date." The last trial was on May 10, 1900. This deposition of the mother is the only evidence of her continued existence, and the same fact seems to be true as to the sister. These next of kin were certainly alive and able to give their deposition in 1895, and to be cross-examined. This evidence, even if there was no agreement that it should be received and used at the trial in May, 1900, would be sufficient to raise the presumption that both were still alive at that date. It can not be said that there is no evidence to support the finding of the jury as to the existence of the next of kin.

It is recommended that the judgment of the district court be affirmed.

LOBINGIER and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

NOTE.—*Deposition—Objection First Made on Trial of Appeal.*—"Where depositions are filed, but not used, in a case pending in the county court, on an appeal to the district court, exceptions to such depositions may be filed at any time before trial in the appellate court." *Collier v. Gavin,* 1 Nebr. [Unof.], 712. This is said to be the only case in the United States or England where this point has been decided.