## BALTIMORE & OHIO SOUTHWESTERN RAILROAD COMPANY v. GILLARD, ADMINISTRATOR, ET AL.

[No. 4,729.   Filed May 20, 1904.   Rehearing denied November 16, 1904.
Transfer denied December 16, 1904.]

PARTIES.—*Death by Wrongful Act.—Action by Heir.—Verdict.— Amendment by Substituting Personal Representative.*—In an action by the only heir for damages for the death of his decedent, caused by the negligent operation of a railroad, it is error for the court, after verdict, to permit plaintiff to amend by substituting such decedent's personal representative as plaintiff.

From Clark Circuit Court; *James K. Marsh,* Judge.

Action by Harry Bower, by his next friend, against the Baltimore & Ohio Southwestern Railroad Company. After verdict, plaintiff amended his complaint by substituting William P. Gillard as administrator of the estate of Walter Bower, deceased, as plaintiff. Judgment for plaintiff. Defendant appeals. *Reversed.*

*Charles L. Jewett* and *H. E. Jewett,* for appellant.
*G. H. Voigt,* for appellees.

WILEY, P. J.—Walter Bower was in the employ of appellant in the capacity of a brakeman. While engaged in the line of his duty, he was injured by the handholds on a freight-car giving way, as he was climbing upon the car, by

reason of which he fell, resulting in an injury to one of his hands, it being run over by the wheels of the car. It is claimed that he died as a result of such injury. The injury occurred June 24, 1901, and the decedent died June 28, 1901. The decedent left surviving him, as his only heir, his infant son Harry Bower. On January 14, 1902, said son, by William P. Gillard, his next friend, commenced an action against appellant to recover damages for the death of his father. The complaint was in one paragraph, to which a demurrer for want of facts was addressed and overruled. The cause was put at issue, trial by jury, and a verdict returned for plaintiff below for $5,000. With the general verdict, the jury found specially by way of answers to the interrogatories. The day succeeding the return of the verdict, the plaintiff below moved the court for judgment on the general verdict, and subsequently appellant moved for judgment in its favor on the answers to interrogatories. December 10, 1902, the original plaintiff withdrew his motion for judgment on the general verdict, and William P. Gillard, as administrator of the estate of Walter Bower, filed his petition to be substituted as plaintiff. The record entry pertaining to the substitution is as follows: "Come now the parties, comes also William P. Gillard, administrator of the estate of Walter Bower, the deceased named in the complaint herein; and the plaintiff and said administrator file their petition to substitute said William P. Gillard, administrator of the estate of Walter Bower, deceased, as plaintiff herein instead of Harry Bower, an infant, by William P. Gillard, his next friend, and for leave to amend the complaint herein by striking out the name of Harry Bower, an infant, by William P. Gillard, his next friend, as plaintiff, and substituting in lieu thereof the name of William P. Gillard, administrator of the estate of Walter Bower, deceased, as such plaintiff. To the granting of said petition the defendant objects." Thereupon William P. Gillard, administrator, etc., as plaintiff, filed his

motion for judgment on the general verdict, which motion was sustained. No ruling was had upon appellant's motion for judgment on the answers to interrogatories.

The action of the court in allowing a substitution of Gillard, administrator, as a party plaintiff, after trial and verdict, is the first question for decision.

The statute relative to the amendment of pleadings, upon which appellee seeks to sustain the action of the trial court, is very broad, and has been given a liberal construction by the courts. It provides that "The court may, at any time, in its discretion, and upon such terms as may be deemed proper for the furtherance of justice, direct the name of any party to be added or struck out; a mistake in name, description, or legal effect, or in any other respect to be corrected; any material allegation to be inserted, struck out, or modified—to conform the pleadings to the facts proved, when the amendment does not substantially change the claim or defense." §399 Burns 1901, §396 R. S. 1881. The statute provides that, when the death of one is caused by the unlawful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he or she lived, against the latter for an injury for the same act or omission. §285 Burns 1901, Acts 1899, p. 405. This statute not only creates a new cause of action, unknown to the common law, but designates the person in whose name or right the action can be maintained, and that person is the personal representative of the deceased. The statute having designated the person who may prosecute such action, it excludes all others, and hence it can not be maintained by any other person. *Fabel* v. *Cleveland, etc., R. Co.* (1902), 30 Ind. App. 268, and authorities there cited.

Under the statute and the authorities, the infant son of the deceased, by his next friend, could not maintain the action, and the learned counsel for appellee, in oral argument,

conceded that he could not. We are, therefore, confronted with the anomalous and unique proposition of a person prosecuting an action to the point of securing from a jury a favorable verdict, when such person had no right of action whatever, and then asking to preserve the fruits of his victory by substituting a proper party plaintiff. While it does not affirmatively appear from the record, it is clear that at this point counsel reached the conclusion that a judgment on the verdict in favor of the original plaintiff could not be upheld, and, to preserve the fruits of the verdict obtained, sought relief by substituting the personal representative of the deceased as plaintiff.

The decision of the question here involved depends upon a correct answer to this inquiry: Can a person to whom no right of action is given, and in whom no cause of action exists, prosecute an action to a favorable determination before a jury, and, to the end that the fruits of such verdict may be preserved, have another substituted as plaintiff in his stead, to whom a right of action is given, and in whom a cause of action exists? We do not believe that such proceedings are sanctioned by the statute, or can be upheld upon any reasonable grounds. The broad and liberal statute above quoted does not contemplate such a radical amendment to a pleading as is disclosed by the record before us, and this is made manifest by the language employed. Epitomized, the statute referred to confers discretionary power upon the trial court to direct the name of any party to be added or struck out of a pleading; to direct a mistake in name, description or legal effect to be corrected; and may direct any material allegation inserted or struck out or modified, to conform the pleadings to the facts proved, "when the amendment does not substantially change the claim or defense." The clause in quotation is its own interpretation of the entire section. The legislature gave to the trial court such discretionary power for "the furtherance of justice," but placed a limitation thereon by declar-

ing that such amendments were only allowable when they did not. "substantially change the claim or defense." In this instance it was not only a substantial, but a complete and radical change of the cause of action, for the amendment made a cause of action where none existed before. The amendment by substituting another plaintiff in lieu of the original plaintiff was equivalent to a new proceeding. *Thrall* v. *Gosnell* (1901), 28 Ind. App. 174. In that case the court said: "The law is rightly liberal in allowing amendments, but there is a limit beyond which it is unsafe to go. The petitioners might have dismissed the proceeding and instituted a new one at trifling cost and small delay. No necessity existed for the attempt to substitute one cause of action for another." In the case we are considering the trial court went beyond the limit in allowing; after the return of the verdict, the substitution of the administrator, and it was error so to do.

Other questions are presented by the record and ably discussed by counsel, but, in view of the conclusion we have reached, we do not deem it necessary to decide them.

Judgment reversed, and the court below is instructed to sutain appellant's demurrer to the complaint.