### SARPY COUNTY v. GALVIN.*

(Circuit Court of Appeals, Eighth Circuit. May 27, 1918.)

No. 5020.

1. COURTS ☞366(23)—FEDERAL COURTS—FOLLOWING RULE OF STATE COURT.
   Whether under the Nebraska Statutes the right of action for death from a defective county highway inures to personal representative, or the surviving spouse and next of kin, is peculiarly a question of local law upon which the decision of the highest state tribunal is controlling.
2. DEATH ☞31(3)—ACTION FOR WRONGFUL DEATH—PARTY PLAINTIFF.
   An action under Nebraska statute against a county for death caused by a defective highway must be brought in the name of the administrator.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by John M. Galvin, administrator of the estate of May Swift, deceased, against the County of Sarpy. Judgment for plaintiff, and defendant brings error. Affirmed.

Matthew Gering, of Plattsmouth, Neb. (E. S. Nickerson, of Papillion, Neb., on the brief), for plaintiff in error.

Yale C. Holland, of Omaha, Neb. (J. A. C. Kennedy, of Omaha, Neb., on the brief), for defendant in error.

Before HOOK, CARLAND, and STONE, Circuit Judges.

HOOK, Circuit Judge. [1, 2] This is an action by an administrator for the death of his intestate caused by a defective highway in Sarpy county, Neb. The county, not having adopted the township organization act, was responsible for the condition of its highways. The plaintiff had judgment. The only question meriting notice is whether under the statutes of the state now in force the right of action in such a case inures to the personal representative of the deceased or to his surviving spouse and next of kin. The question is peculiarly one of local law upon which the decision of the highest tribunal of the state is controlling. Whatever doubt may have existed has been settled recently by the Supreme Court of Nebraska in Swift v. County of Sarpy, 167 N. W. 458. That was an action growing out of the same accident as the one involved here; the only difference being that it was brought by the widower and next of kin instead of by the administrator. It was there held that the right of action was in the latter.

The judgment is affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.
*Rehearing denied October 28, 1918.