Shirley M. RUSSELL, Appellant,

v.

NEW AMSTERDAM CASUALTY COM-
PANY and Consumers Public Pow-
er District, Appellees.

No. 16692.

United States Court of Appeals
Eighth Circuit.

May 31, 1962.

Charles E. Kirchner, Omaha, Neb.,
made argument for the appellant and
filed brief.

John E. Dougherty, York, Neb., made
argument for the appellee and filed brief.

Before JOHNSEN, Chief Judge, and
WOODROUGH and MATTHES, Circuit
Judges.

MATTHES, Circuit Judge.

The basic question for determination on this appeal is whether the trial court, upon motion interposed by one of the defendants, properly dismissed plaintiff's cause of action and refused to permit an amendment to the original complaint. The issue presents for our consideration the Nebraska statute of limitations controlling wrongful death actions; the effect of failure of the original complaint, filed within the statutory period, to properly allege legal capacity to sue; and the right of plaintiff to file an amended complaint alleging her right to maintain the action, after the statutory period of limitations had expired.

■ Section 30–809, R.S.Neb., 1956 Reissue, creates the right to recover for the wrongful death of a person. Section 30–810 provides that an action for wrongful death shall be commenced within two years after the death of such person, and "(i)t shall be brought by and in the name of his personal representatives, for the exclusive benefit of the widow or widower and next of kin." Section 30–810 was considered by the Supreme Court of Nebraska in Swift v. Sarpy County, 102 Neb. 373, 167 N.W. 458, where the pronouncement was made, (167 N.W.) at p. 459: "When damage results from the death of an individual, this statute applies, and requires that an action for negligently causing such death shall be brought in the name of the administrator of the deceased individual." The Swift case has conclusively established that a wrongful death action in Nebraska must be maintained by the legal representative of the deceased. See Sarpy County v. Galvin, 8 Cir., 251 F. 888; Stevenson v. Richardson Co. (D.C.Neb.), 9 F.R.D. 437.

■■ We turn now to the incidents from which this appeal emanated. Shirley M. Russell filed a complaint in the United States District Court for the District of Nebraska on July 25, 1960. She alleged that she was bringing the cause of action for herself and as personal representative of the estate of her husband, James G. Russell, deceased; and that on the 26th day of July, 1958, her husband was fatally injured as a result of the negligence of defendant Consumers Public Power District.[1] There was a general allegation of diversity of citizenship and a prayer for judgment in the amount of $150,000.[2] On August 6, 1960, defendant Consumers Public Power District moved to dismiss the complaint on the grounds (1) that the court lacked jurisdiction over the subject matter because the action was being prosecuted by the wife of the deceased who had no legal capacity to sue or maintain the action, and (2) failure to join an indispensable party, namely, the personal representative, as provided by §§ 30–809, 30–810, R.S.Neb., 1956 Reissue.

On September 2, 1960, plaintiff moved for leave to file an amended complaint. In pertinent part this complaint alleged that on August 11, 1960, plaintiff had filed petition for appointment as special administratrix of the estate of her deceased husband in the County Court of Hamilton County, Nebraska; that she had qualified for such appointment and had been issued letters of special administratrix; that there were no children of her marriage to James G. Russell, and that she is his sole heir and next of kin. The court took the motion for leave to file the amended complaint under advisement, and on November 8, 1960, filed a memorandum and order sustaining Consumers' motion to dismiss. This, of

1. Defendant New Amsterdam Casualty Company was alleged to be the insurer of Russell's employer under the Nebraska Workmen's Compensation Law, and that it was joined as a defendant in order that its subrogation rights arising by reason of payments made by it, could be determined.

2. The complaint alleged that the deceased and plaintiff were "at all times mentioned hereinafter residents of Yankton, South Dakota; that defendant Consumers Public Power District is doing business in the State of Nebraska with headquarters at Columbus, Nebraska; * * *." More will be said of diversity of jurisdiction during the course of the opinion.

course, was tantamount to a denial of the right to file the amended complaint. From the memorandum, not officially published, it is manifest that the court was of the view that the cause of action was vested exclusively in the personal representative of the deceased; that the widow had no right as such to institute and maintain the action, and that because an action had not been commenced by the party having legal capacity under the Nebraska statute, the cause of action is barred by the statute of limitations. Plaintiff has appealed.

No brief has been filed on behalf of the defendant New Amsterdam Casualty Company, and defendant Consumers Public Power District appears as appellee in this court.

For convenience and brevity we shall hereafter refer to the parties as appellant and appellee.

From the action taken by the trial court and reasons assigned therefor, it is apparent that the court failed to come to grips with what we regard as the crucial issue, to wit: the right of appellant to amend her complaint, after the two-year statutory period had expired, by alleging that she had been duly appointed as personal representative of the deceased's estate and as such had authority to prosecute the same. Resolution of this issue turns on the question of whether an amendment which substitutes a party having legal capacity to sue for one lacking such right but having a beneficial interest in the subject matter, introduces a new and different cause of action. Because of the importance of the question we have made extensive independent research which persuades us to hold that the amendment should have been allowed.

A clear statement of the general rule is found in 16 Am.Jur., Death, § 289, p. 201, in this language:

"The usual rules as to the amendment of pleadings in civil actions generally prevail in regard to the amendment of a declaration, petition, or complaint in an action for death by wrongful act, and the right to amend is subject to the same general limitations as to changing the form of the action, change of parties, and the substitution or introduction of an entirely new cause of action after the statute of limitations has become a bar. Where an amendment to a complaint in an action for wrongful death introduces no new or different cause of action and does not set up any different state of facts as the ground of action, it relates back to the beginning of the suit and the statute of limitations is arrested at that point; but when the amendment introduces a new and different cause of action, it is treated as a new suit begun at the time when the amendment is filed."

Sections 290 and 291 of the same authority are pertinent. In the former it is stated, at p. 202:

"By the weight of authority, if the action to recover for the negligent killing of a person is brought in the name of the wrong plaintiff, the proceedings may be amended to the end that the proper party be made plaintiff therein. * * * Indeed it has even been held, where it was contended that under an amendment bringing in new parties to an action for wrongful death a new cause of action was stated and the statute of limitations had run as to the new parties, that, since no new or different cause of action was introduced, the amendment related back to the commencement of the action and the plea of the statute of limitations was of no avail."

Section 291 is particularly apropos to the instant situation and it states, at p. 203, the rule to be:

"In an action for wrongful death properly maintainable only in the name of the personal representative of the decedent, it has been held that an amendment of the original petition, in such an action, by which the plaintiff sued as sole beneficiary, may be made so as to allege the representative capacity of the plaintiff,

since such an amendment introduces no new or different cause of action and sets up no different state of facts as the ground of action." [3]

The question has been the subject of numerous court decisions, is annotated in 74 A.L.R. 1269; 8 A.L.R.2d 76–90, the latter being supplemented in A.L.R. Supplement Service, 1960, p. 530, §§ 39 and 40, and in A.L.R. Supplement Service, 1962, p. 131, §§ 39 and 40, and was considered in the analysis of the law of limitations appearing in 63 Harvard Law Review 1177, where this statement appears at p. 1239:

"However, * * * where the plaintiff sues in the wrong capacity some courts have experienced considerable difficulty in avoiding the objection that the original action was void, and have thus disallowed the change of the party plaintiff. Nevertheless, the new plaintiff is today usually allowed to take advantage of the former action if the original plaintiff had, *in any capacity, either before or after the commencement of the suit, an interest in the subject matter of the controversy.*" (Emphasis supplied).

The Supreme Court of the United States spoke authoritatively on the subject in Missouri, Kansas and Texas Railway Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, an action under the Federal Employers' Liability Act of 1908 which required the action to be brought in the name of the personal representative of the deceased.[4]

Aside from being an action under the Federal Employers' Liability Act, which we do not regard as having any controlling significance so far as the instant question is concerned, Wulf, supra, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, presented the same problem on an almost identical state of facts. The action was commenced by the mother in her individual capacity on January 23, 1909, to recover for the death of her son, which occurred on November 27, 1908. On January 6, 1911, plaintiff filed her amended petition, alleging that on January 4, 1911, she was appointed temporary administratrix of her son's estate with full power and authority to prosecute the suit as party plaintiff. The amendment was allowed, she recovered, and on appeal it was contended that the amended petition filed after the statutory period of limitations of two years, and which for the first time set up a right to sue as administratrix, alleged an entirely new and distinct cause of action, and that such amendment could not relate back to commencement of the action. In ruling adversely to this contention, the court stated, 226 U.S. at p. 575, 33 S.Ct. at p. 137:

"It seems to us, however, that, aside from the capacity in which the plaintiff assumed to bring her action, there is no substantial difference between the original and amended petitions. In the former, as in the latter, it was sufficiently averred that the deceased came to his death through injuries suffered while he was employed by the defendant railroad company in interstate commerce; that his death resulted from the negligence of the company and by reasons of defects in one of its locomotive engines due to its negligence; and that since the deceased died unmarried and childless, the plaintiff, as his sole sur-

---

3. There is contrary authority. In § 291 of Am.Jur. it is stated: "In some jurisdictions, however, it has been held that ordinarily an amendment making a change in the party plaintiff from an individual to a representative capacity, or vice versa, is a change in the cause of action which will let in the defense of the limitation of time." See also: Baltimore & Ohio S. W. R. Co. v. Gillard, 34 Ind.App. 339,

71 N.E. 58; Bolitho v. Buch Exp., Inc., (D.C.E.D.Pa.), 12 F.R.D. 189; Maxson v. McElhinney, 370 Pa. 622, 88 A.2d 747.

4. The present Federal Employers' Liability Act, 45 U.S.C.A. § 51, provides for bringing of action for death of employee "[by] personal representative, for the benefit of the surviving widow or husband and children of such employee; * * *."

viving parent, was the sole beneficiary of the action."

Continuing on p. 576, 33 S.Ct. p. 137, the court observed further:

"Nor do we think it [amendment] was equivalent to the commencement of a new action, so as to render it subject to the two years' limitation prescribed by § 6 of the Employers' Liability Act. The change was in form rather than in substance. (citing case). It introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit." (citing cases, including McDonald v. State of Nebraska, 8 Cir., 101 F. 171).

The teachings of the Supreme Court in Wulf, supra, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, have been applied by the federal courts in wrongful death actions. Reardon v. Balaklala Consol. Copper Co. (Circuit Ct.N.D., Calif.), 193 F. 189, aff'd sub nom. Balaklala Consol. Copper Co. v. Reardon, 9 Cir., 220 F. 584; Quaker City Cab Co. v. Fixter, 3 Cir., 4 F.2d 327; Bochantin v. Inland Waterways Corp., (D.C.E.D.Mo.), 9 F.R.D. 592; and in two cases involving actions on war risk policies, Lopez v. United States, 4 Cir., 82 F.2d 982; United States v. Powell, 4 Cir., 93 F.2d 788.[5] St. Paul Fire & Mar. Ins. Co. v. Continental Bldg. Op. Co., W.D.Mo., 137 F.Supp. 493, involved the effect of an amendment under Missouri law substituting an insurance comany for the individual plaintiff after expiration of five years, which was the period of limitations. Judge Whittaker, later a Justice of the United States Supreme Court, stated the Missouri law in this manner, at p. 494:

"It is clear from an unbroken line of decisions in Missouri that if a suit is brought by one who has no legal right to maintain it, yet, who has a *beneficial interest in the subject matter of the action*, the substitution of a proper plaintiff will relate back to the time of filing of the original action by the one without authority to prosecute it, and the intervening running of the statute of limitations will not be held to bar the action by the substituted plaintiff, but on the other hand, if the original action was brought by an improper plaintiff who had no legal or beneficial interests in the subject matter of the action and later— but after the statute of limitations has run—a proper party plaintiff is substituted, the substitution will be treated as a new action, and the action will be held to be barred by the Missouri statute of limitations." (Citing numerous cases). (Emphasis supplied).

The principle has been recognized by state courts in Cox v. San Joaquin Light & Power Corp., 33 Cal.App. 522, 166 P. 578; Davis v. Gant (Tex.Civ.App.), 247 S.W. 576; Davis v. Preston (Tex.Civ. App.), 264 S.W. 331, 118 Tex. 303, aff'd 16 S.W.2d 117; Whitson v. Tennessee Cent. Ry. Co., 163 Tenn. 35, 40 S.W.2d 396, which overruled its prior holding in Flatley v. Memphis & C. Railroad, 56 Tenn. 230; Douglas v. Daniels Bros. Coal Co., 135 Ohio State 641, 22 N.E.2d 195, 123 A.L.R. 761, wherein the court made this pertinent observation at p. 198:

"The amendment corrects the allegations of the petition with respect to plaintiff's capacity to sue and relates to the right of action as contradistinguished from the cause of action. A right of action is remedial, while a cause of action is substantive, and an amendment of the former does not affect the substance of the latter. * * * The requirement of the wrongful death statute that the prosecution of the action be in the name of the personal representative is no part of the cause

---

5. In these cases the court ruled that the substitution of a party with legal capacity to sue did not change the cause of action so as to let in the defense of limitations.

of action itself, but relates merely to the right of action or remedy."

McDonald v. State of Nebraska, 8 Cir. (1900), 101 F. 171, has received recognition by courts throughout the land and, as we have seen, it was cited by the Supreme Court of the United States in Wulf, supra, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355. McDonald was not a wrongful death action but in principal we regard it as persuasive. There the original plaintiff was the state treasurer of Nebraska. The defendant demurred, contending that the plaintiff lacked capacity to maintain this suit. The lower court sustained the demurrer but permitted the State of Nebraska to be substituted as plaintiff even though the statute of limitations had intervened. On appeal it was contended that the substitution was a change of the cause of action; was equivalent to bringing of a new action, and that as the statute of limitations had run against plaintiff's claim before the amendment was made, the cause of action was barred. This court first considered the question in light of the Nebraska Code, §§ 144 and 145, now §§ 25-852 and 25-853, R.S. Nebraska, 1956 Reissue,[6] and then from the standpoint of the Federal Judiciary Act of 1789 (which was then in effect). As to the former, it was concluded, 101 F. at p. 174: "Beyond all question these provisions authorized the court to allow the amendment that was made in this case." As to the latter, we said, at p. 176: "But, independent of the Nebraska Code and the decisions of the supreme court of that state, we would have no difficulty in upholding the judgment of the lower court in this case both upon principle and authority. The right and duty of the federal courts to allow amendments does not rest on state statutes only. It is conferred on them by the judiciary act of 1789."

To our knowledge the Supreme Court of Nebraska has not determined the propriety of substituting the party having legal capacity to maintain a wrongful death action as plaintiff for one lacking such capacity, insofar as the statute of limitations of that State is concerned. However, in a number of cases, presenting varying situations, the Court has considered amendments to the original petition where the claim was made that the amendment introduced a new cause of action, and having been made after the statute of limitations had run, the action was barred. See Norfolk Beet-Sugar Co. v. Hight, 59 Neb. 100, 80 N.W. 276, where amendment amplified facts forming basis for cause of action; Chicago, R. I. & P. R. Co. v. Young, 67 Neb. 568, 93 N.W. 922, where amended petition alleged pecuniary loss; State Bank of Gothenburg v. Carroll, 81 Neb. 484, 116 N.W. 276, where amendment substituted State Bank of Gothenburg as plaintiff for the receiver of the bank and where the plea of the statute of limitations was on the theory that the substitution was the commencement of a new action; Tecumseh Nat. Bank of Tecumseh v. McGee, 61 Neb. 709, 85 N.W. 949, where heirs were substituted as plaintiff for the administrator of the estate; Kennedy v. Potts, 128 Neb. 213, 258 N.W. 471, where amended petition elaborated the cause of action; Muenchau v. Swarts, 170 Neb. 209, 102 N.W.2d 129, a mechanic's lien action where amended petition alleged an agreement with the contractor whereas in original petition he alleged contract with the owner of the premises.

As reference to the foregoing opinions will disclose, the issue turned on the question of whether the amended petition presented a new cause of action and in each, the amendment was per-

6. § 25-852 provides in substance that the court may either before or after judgment, in furtherance of justice, amend any pleading by adding or striking out the name of any party, or by correcting any mistake in the name of a party, or a mistake in any other respect when the amendment does not change substantially the claim.

§ 25-853 provides that the court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party.

mitted. The view of the Supreme Court of Nebraska is pertinently set out in State Bank of Gothenburg v. Carroll, supra, 116 N.W. 276, at p. 277:

"The plea of the statute of limitations was based upon the theory and assumption that the filing by the substituted plaintiff of an amended and substituted petition was the commencement of a new action, and that, more than five years having elapsed prior to the filing of such petition, the action was barred. It is conceded that the original action was begun previous to the running of the statute. We think the rule is generally well settled that the substitution of one party plaintiff for another in a pending action is a continuation of the original rather than the commencement of a new action. It is the same cause of action. Only another party has succeeded to the rights of one of the litigants, and in our practice such party may be substituted as the real party in interest in lieu of the one who commenced the action. Since the statute of limitations had not run at the commencement of the original action, it follows that it can be no defense in this action."

We fully recognize the distinguishable factual situations apparent in the cited Nebraska cases but to us they nevertheless strongly indicate that Nebraska has adopted a position of liberality in permitting amendments to the original petition.

At least one Judge of the State of Nebraska has expressed his opinion on the precise question before us. W. G. Whitford, County Judge of Madison County, Nebraska, in his work, "Nebraska Probate and Administration," published in 1954, Vol. I, pp. 473, 474, states:

"After death of the decedent the action may be brought only by the personal representative. Action cannot be brought by all beneficiaries jointly or by the sole beneficiary in case there is only one. But, if action is brought by someone not then the personal representative, who subsequently becomes the personal representative, and an amended petition is filed showing this fact and that the action is brought in his representative capacity, the action may proceed and, so far as the statute of limitations is concerned, the amended petition will be treated as though filed at the time of commencing the action."

Judge Whitford's authority for this statement is Missouri, Kansas and Texas Railway Co. v. Wulf, supra, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355.

Reverting to the amended complaint—it does not allege any new or different facts as the ground of action. Both the original and amended complaints averred that the deceased was fatally injured on July 26, 1958, as the result of the negligence of defendant Consumers Public Power District. Moreover, and of vital significance, the amended complaint alleged that Shirley M. Russell, the widow, (the plaintiff in the original complaint) is the sole heir and next of kin of James G. Russell. Thus, she is the beneficiary of the subject matter of the action.

While we are reluctant to interfere with and overturn the judgment of a district court in a diversity action involving a question of local law, Dierks Lumber & Coal Co. v. Barnett, 8 Cir., 221 F.2d 695, 697; Mothner v. Ozark Real Estate Company, 8 Cir., 300 F.2d 617, we are persuaded on the facts presented and the teachings of the Supreme Court of the United States, the courts of many jurisdictions and the other authorities above referred to, that the order of dismissal was induced by an erroneous concept of the Nebraska law.

In summary, we hold that under the circumstances, the amendment did not introduce a new and different cause of action, but went to the right to pursue the same cause of action alleged in the original complaint; that the amendment was therefore procedural, bringing into play

Rule 15(c) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A., which provides that when the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, the amendment relates back to the original pleading, and, finally, the court improperly dismissed appellant's cause of action on the ground that it was barred by the statute of limitations.

■ In its brief appellee contends that federal jurisdiction does not exist because of lack of diversity of citizenship. Its theory is that under Nebraska law a non-resident of that state is ineligible for appointment as personal representative of a deceased's estate; that inasmuch as it is alleged in the amended complaint that Shirley M. Russell was appointed administratrix by the Hamilton, Nebraska County Court that it is presumed she is a resident of Nebraska and since appellee is a political subdivision of that state there is no diversity of citizenship.

Section 30–315, R.S.Nebraska, 1956 Reissue, provides in effect that the administration of an estate of a deceased person, dying intestate, shall be granted to someone who is a resident of the state. Appellant meets this suggestion by asserting that this provision does not apply to a special administratrix. For reasons presently stated we refrain from answering this question but we note in passing that federal jurisdiction on the grounds of diversity of citizenship in an action brought by the legal representative of a deceased person is to be determined by the citizenship of the legal representative and not that of his decedent. See Mecom v. Fitzsimmons Drilling Co., Inc., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233; McCoy v. Blakely, 8 Cir., 217 F.2d 227, 230–231; Janzen, Administrator, etc. v. Goos, 8 Cir., 302 F.2d 421.

It is of course fundamental that a federal appellate court must, on appeal, satisfy itself not only of its own jurisdiction, but also the jurisdiction of the United States District Court. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338; Illinois Terminal R. Co. v. Friedman, 8 Cir., 208 F.2d 675, 676; Kern v. Standard Oil Co., 8 Cir., 228 F.2d 699, 701, cause ordered dismissed for lack of jurisdiction, 230 F.2d 954; Texaco-Cities Service Pipe Line Co. v. Aetna Casualty & Surety Co., 8 Cir., 283 F.2d 144, 145. The present state of the record is such that it is impossible for us to determine whether there is in fact diversity jurisdiction existing. In this connection we again take occasion to mention that it is diversity of *citizenship* which controls. 28 U.S.C.A. § 1332; Texaco-Cities Service Pipe Line Co. v. Aetna Casualty & Surety Co., supra, 283 F.2d at p. 145; Burkhardt v. Bates, 8 Cir., 296 F.2d 315, 316.

The original complaint alleged that plaintiff is a *resident* of South Dakota, and that defendant is doing business in the State of Nebraska with *headquarters* at Columbus, Nebraska. Manifestly, the allegation did not comport to the requirements of the statute. The amended complaint does not allege the state of which the legal representative is a citizen. Neither does the amended complaint meet the requirments of Title 28 U.S.C.A. § 1332 (c), added July 25, 1958, which provides that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." We have concluded that plaintiff should have an opportunity to further amend the complaint, if the facts will permit, by alleging proper jurisdictional requirements.

The order dismissing the cause of action is reversed and the cause is remanded.

JOHNSEN, Chief Judge (dissenting).

I regret to have to dissent from the court's decision, but I am unable to satisfy myself that the trial court's determination of the question of Nebraska law involved is entitled to be held to be clearly erroneous.

I may state my agreement that the view which the court feels should have

been taken on the amendment question represents the more salutary and the majority rule, as a legal principle. I further would agree that, in actions other than ones under the wrongful death statute, the Nebraska courts are entitled to be regarded as being liberal in allowing amendments as to party plaintiffs (and otherwise), such as they did in State Bank of Gothenburg v. Carroll, 81 Neb. 484, 116 N.W. 276, and such as we permitted the State of Nebraska to make for its own benefit in McDonald v. Nebraska, 8 Cir., 101 F. 171.

But this does not entitle it to be held, as against the positive manifestations which seem to me to exist to the contrary in its decisions, that Nebraska therefore should be regarded as taking a similar position in respect to actions under its Lord Campbell's Act. It must be recognized that, as to actions under a Lord Campbell's Act, there is a hard-core minority rule, that an amendment of a complaint, changing the status of the plaintiff from an individual to a representative capacity, is a substantive change and is therefore in its effect the commencement of a new action, so that it cannot be made without letting in the statute of limitations. See generally 16 Am.Jur., Death, § 291.

The basis for this rule is the concept that a Lord Campbell's Act should be given a strict construction, and that thus the manner in which a suit under it is required to be brought and the time within which it must be instituted are substantive aspects or conditions of the right granted, so that, unless these conditions have been complied with, no cause of action has been brought before the court.

Such indications and expressions as can be found in the decisions of the Nebraska Supreme Court in relation to the Act seem to me to suggest its acceptance of and adherence to this minority view.

Thus, in Gengo v. Mardis, 103 Neb. 164, 170 N.W. 841, 8 A.L.R. 134, the court held that the two-year limitation for bringing an action under the Act was "absolute" and constituted "a condition precedent", so that the general statutory provision for tolling the State's regular statutes of limitations, "when the party wanted places himself without the jurisdiction of the court, absconds, or stays in hiding so that service cannot be had upon him", could have no application. 103 Neb. at p. 166, 170 N.W. at p. 841.

Again, in Swift v. Sarpy County, 102 Neb. 378, 167 N.W. 458, where the trial court had sustained a demurrer to a petition by a husband for damages from the death of his wife, and had made dismissal of the action, the Nebraska Supreme Court said: "The demurrer to the petition was properly sustained", and "Such actions must be brought in the name of administrator of the estate of the deceased". 102 Neb. at p. 381, 167 N.W. at p. 459. It will be noted that the judicial action taken was that of dismissal, without the situation apparently being left open for the husband to qualify as administrator and make amendment of his petiton, as in the interest of justice the majority rule would perhaps imply ought to be done.

Further, in Wilson v. Bumstead, 12 Neb. 1, 10 N.W. 411, where a dismissal made in such a situation similarly was affirmed, the court said that the requirement that the action must be brought by the personal representative constituted a condition upon which the right to maintain the action rests and pointed out that the very purpose of the condition doubtless was to prevent the next of kin from instituting any suits, so as to escape the possibility and complications of a multiplicity, such as might otherwise come to exist. 12 Neb. at p. 4, 10 N.W. 411.

Finally, in Luckey v. Union Pacific R. Co., 117 Neb. 85, 219 N.W. 802, the court again made emphasis of the provision in the Act that an action for the death of a person "shall be brought by and in the name of his personal representative" and declared that "No one else is authorized to bring the action". 117 Neb. at p. 91, 219 N.W. at p. 804. It held that a subsequently enacted Workmen's Compensa-

tion Law therefore was without effect upon this condition of the Act, in the provision of such compensation law for the subrogation of an employer to the rights of the dependents of an employee in a death case and for recovery by the employer of "any amount which such * * * dependents would have been entitled to recover".

These indications and expressions seem to me to be such as to warrant the trial court in reaching the conclusion that it did. I think the situation manifestly falls within our oft proclaimed declaration that the determination made by a district judge as to a question of unsettled local law in his state will be accepted by us, unless it can be said to represent an impermissible conclusion on the elements of manifestation and appraisal which he was entitled to take into account.

That declaration has in substance been made more frequently in our opinions than in those of any other circuit. Indeed, I am not sure, from the number of repetitions of it in which we have engaged, but that we may appear to have almost made a fetish of it. Be that as it may, however, unless the principle is to be departed from or diluted here, I think it requires an affirmance instead of a reversal of the judgment in the present situation.

As a matter of fact, I should have to say that, on the basis of the indications and expressions which I have set out, I would have felt obliged to decide the matter as the trial court did. It may be that, in the modern spirit and tendency of drawing a more liberal line between procedure and substance, the Nebraska Supreme Court might see fit to adopt the majority rule, should the question now come before it. But the expressions of the court which I have set out will not permit us here to so hold, for it is not for us to try to formulate or channel the legal mind of the State. Yoder v. Nu-Enamel Corp., 8 Cir., 117 F.2d 488.

I would accordingly affirm.