HOWARD KENNEDY ET AL., APPELLEES, V. GOLDIE C. POTTS ET AL., APPELLANTS.

FILED JANUARY 16, 1935. No. 29088.

*Hoagland, Carr & Hoagland,* for appellants.

*Dysart & Dysart* and *Beeler, Crosby & Baskins, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and ELDRED, District Judge.

GOOD, J.

This is an action for foreclosure of a tax lien. Plaintiff had decree, and defendants have appealed.

The record discloses the following pertinent facts: In 1923 Peters Trust Company (hereinafter referred to as the trust company) loaned $4,000 to one Spencer upon his promissory note, secured by a mortgage on 160 acres of land. In 1924 the trust company sold and assigned this mortgage to defendant Goldie C. Potts, with an arrangement that the trust company would service the mortgage; that is, look after collection of the interest thereon for Mrs. Potts. Mrs. Potts failed to record the assignment of the mortgage. Taxes on the mortgaged premises for 1925 became delinquent. The trust company on November 1, 1926, purchased the tax sale certificate for the 1925 taxes. November 17, 1926, the trust company sold and transferred the tax sale certificate to the Farm Investment Company (hereinafter referred to as the farm company). The farm company had arranged to issue a series of bonds, secured by tax sale certificates and tax liens. By an in-

denture the farm company appointed the trust company as trustee to hold the tax sale certificates and tax liens as security for the bonds to be so issued. November 17, 1926, the farm company assigned to the trust company, as trustee, a number of tax sale certificates, including the one on the Spencer land. In 1927 Spencer was in default in payment of interest on the mortgage, and Mrs. Potts turned over to the trust company the note and mortgage for foreclosure. Foreclosure action was commenced, but Spencer paid up the interest due and the costs of foreclosure, that action was dismissed, and the note and mortgage were returned to Mrs. Potts. Later Spencer again defaulted in the payment of interest. Mrs. Potts again turned over to the trust company the note and mortgage for foreclosure, and action was commenced.

Prior to the commencement of this action, Mrs. Potts was advised of the fact that the taxes had not been paid by Spencer, and that a considerable amount of taxes remained unpaid; that, if she desired, she could pay these taxes and have them included in the foreclosure action for her benefit. She did not elect to pay the taxes, and the foreclosure action proceeded in the name of the trust company for the benefit of Mrs. Potts.

Prior to the decree in the foreclosure action, the trust company became bankrupt and resigned as trustee for the farm company; whereupon the latter company, by proper court proceedings, secured the appointment of W. S. Weston and Howard Kennedy as substitute trustees, to continue the trust for the farm company and its bondholders. Later a decree was entered in favor of the trust company in the mortgage foreclosure action, and this decree was duly assigned to Mrs. Potts. Assignments were executed by the trust company and by the trustees in bankruptcy. The trust company also executed and delivered to Mrs. Potts a quitclaim deed to the mortgaged premises. After the expiration of the stay taken by Spencer and wife in the mortgage foreclosure action, the property was sold and bought in by Mrs. Potts. The farm

company in the meantime had paid the subsequent taxes on the Spencer land for the years 1926 to 1930, inclusive, and the tax receipts were by it pledged to the trust company as long as it acted as trustee, and later to Weston and Kennedy, successor trustees, as security for its outstanding bonds. Weston and Kennedy, as successor trustees, commenced this action for the foreclosure of the tax lien before five years from the date of the tax sale certificate had elapsed. Before the present case was reached for trial, Weston departed this life, and no successor trustee for him was appointed. Kennedy remained the sole surviving trustee.

In the petition it was alleged that the tax sale certificate was assigned by the farm company to Weston and Kennedy, trustees. Later, and after more than five years from the date of the tax sale certificate, the plaintiffs filed an amended petition in which was set forth the fact that the tax sale certificate had been assigned and delivered to the trust company by the farm company and later was transferred to plaintiffs as successor trustees.

Defendants contend that the action is barred by the statute of limitations, since the amended petition was filed more than five years after the tax sale certificate was issued. The contention is not well founded. In the original petition plaintiffs asserted ownership, as trustees, of the tax sale certificate and the subsequent tax receipts, and sought foreclosure thereof. In the amended petition they did not change the cause of action, but did elaborate by setting out in detail the chain of their title to the certificate and tax receipts.

It is a rule that, where an action is commenced before the cause of action is barred by the statute of limitations, but subsequent to the running of the statute an amended petition is filed, in which the allegations of the petition are amplified, and there is no change in the cause of action, filing of such amended petition does not affect the plaintiff's right of recovery. In the instant case there was no variance between the original petition and the amended

petition. The action is based on the ownership of the tax sale certificate and the subsequent tax receipts and is not based on the manner in which such ownership was acquired.

In *Norfolk Beet-Sugar Co. v. Hight,* 59 Neb. 100, it was held:

"A petition in which the cause of action is insufficiently or defectively stated may be amended by adding other allegations to remedy or cure the defects.

"The statute of limitations does not run against an amended pleading wherein the amendment consists in setting forth a more complete statement of the original cause of action."

Other cases holding to the same effect are *Chicago, R. I. & P. R. Co. v. Young,* 67 Neb. 568; *Witt v. Old Line Bankers Life Ins. Co.,* 92 Neb. 763; *Duffy v. Scheerger,* 91 Neb. 511. See, also, *Cottonwood Lumber Co. v. Walker,* 106 Ark. 102, 45 L. R. A. n. s. 429.

Defendants contend that the trust company, being the original mortgagee, and having purchased the tax sale certificate and thereafter foreclosed the mortgage, could not subsequently foreclose the tax lien. We need not determine whether the trust company could have so foreclosed the tax lien. When the trust company acquired title to the tax sale certificate, it did not own the mortgage. The ownership of that mortgage was then vested in Mrs. Potts, and, while it was so vested in Mrs. Potts, the trust company sold and assigned the tax sale certificate to the farm company. The subsequent foreclosure by the trust company, for the benefit of Mrs. Potts, of the mortgage could not prejudice the rights of the farm company, and it is immaterial that at the time the trust company may have had possession, as trustee for the farm company, of the tax sale certificate. The trust company in its individual right and as trustee is two distinct entities in law. Its possession, as trustee, of the tax sale certificate was not a holding thereof in its own right.

It is also argued that, since the trust company foreclosed

the mortgage, obtained a decree and assigned the decree to Mrs. Potts, and also gave her a quitclaim deed to the mortgaged premises, this extinguished the tax sale certificate. Again, defendants overlook the fact that the trust company could not prejudice the rights of the farm company by its action in quitclaiming any interest it had. The quitclaim deed operated only to transfer any interest in the premises which the trust company owned in its own right, and did not operate to transfer any interest which it held as trustee for another.

Defendants contend that the trust company and the farm company are practically identical and, therefore, any action taken by the one is the action of the other. The record does not sustain defendants' contention. A number of the stockholders in the trust company were also stockholders in the farm company; also, a number of the officers of the trust company were officers of the farm company, but there were many stockholders in the trust company who were not interested in the farm company. Any profits accruing to one company did not inure to the benefit of the other, but inured to the benefit of the respective stockholders of the two corporations.

Defendants contend that, since Weston, one of the successor trustees, had departed this life since the commencement of this action, the cause could not proceed to judgment without being revived either in the name of the personal representative of Weston or a successor trustee, appointed in his stead.

The applicable rule is stated in 65 C. J. 669, in this language: "As cotrustees take as joint tenants rather than as tenants in common, upon the death of one of them the doctrine of survivorship applies and the whole trust vests in the surviving trustees, unless the trust is purely a personal one clearly intended to be executed only by the persons named."

The action did not abate on the death of the trustee. Comp. St. 1929, sec. 20-322. The decree of foreclosure in this cause is for the benefit of the beneficiaries of the trust

and will inure to them, regardless of the fact that there is but one surviving trustee. Nor does the fact that only one trustee survives increase the liabilities or burdens of the defendants. They are not prejudiced by the action.

Defendants complain of many rulings of the court on the admission and rejection of evidence. From the record it appears that much evidence was admitted which should have been excluded. It is a rule that the trial court is presumed to have disregarded any incompetent, irrelevant or immaterial evidence admitted on the trial of an equity cause. The question for determination is whether, upon a trial *de novo,* the findings of the trial court are sustained by a preponderance of the competent evidence. Discarding all of the irrelevant and incompetent evidence from our consideration, the record shows beyond question that the findings and decree of the trial court are sustained by the greater weight of the evidence. No prejudicial error in the exclusion of evidence is disclosed.

We find no error in the record prejudicial to the defendants. Judgment

AFFIRMED.