**SADLER v. SADLER et al.**

**No. 371.**

District Court, D. Nevada.
March 29, 1946.

Springmeyer & Thompson, of Reno, Nev., for plaintiff, Clarence T. Sadler.

H. R. Cooke, of Reno, Nev., for defendant Edgar A. Sadler.

William M. Kearney, of Reno, Nev., for defendant Kathryn Powers Sadler as administratrix.

FOLEY, District Judge.

The defendant, Edgar A. Sadler, moves the Court to realign the parties to the end that Kathryn Powers Sadler, administratrix of the estate of Alfred R. Sadler, deceased, now joined as a defendant, be designated as a party plaintiff in the action. The motion is made upon the following grounds:

"(a) That it appears from the record herein and more particularly from plaintiff's Amended Complaint and the Answer thereto, and the Cross-complaint of, said Kathryn Powers Sadler, administratrix, against this defendant; that no actual and substantial controversy exists between the plaintiff and said Kathryn Powers Sadler, administratrix; that said Kathryn Powers Sadler, administratrix, is not actually or properly a defendant in this case; that she actually desires the plaintiff to prevail; that she is a necessary party to the action but that she should be aligned as a party plaintiff; that as so aligned, diversity of citizenship between the parties is lacking;

"(b) That it further and in like manner appears that Clarence T. Sadler and the said Kathryn Powers Sadler, administratrix, have a joint and common interest against this defendant, and are in effect partners in said litigation; that what Clarence T. Sadler wants the said Kathryn Powers Sadler, administratrix, wants, and what they both so want, the defendant Edgar A. Sadler does not want.

"(c) That defendant Edgar A. Sadler and Kathryn Powers Sadler, administratrix, have no common interest against plaintiff Clarence T. Sadler, but are in truth and in fact opposed to one another.

"(d) That under the requirements of jurisdictional integrity Clarence T. Sadler and the said Kathryn Powers Sadler, administratrix, are on the same side of this controversy.

Plaintiff, Clarence T. Sadler, is a citizen of the State of California and defendants, Edgar A. Sadler and Kathryn Powers Sadler, as administratrix of the estate of Alfred R. Sadler, deceased, are citizens of the State of Nevada.

The matter in controversy exceeds exclusive of interest and costs the sum of $3,000.

Pursuant to a stipulation made February 14, 1918, a copy of which is made an exhibit and attached to the original complaint on file herein and by reference made a part of the amended complaint, the judgment referred to in the complaint was made and entered on March 2, 1918. The said judgment, among other things, ordered, adjudged and decreed that title to the prop-

erty known as Diamond Valley Ranch be quieted in Edgar Sadler and Alfred Sadler. Plaintiff alleges that on the 2nd day of March, 1918, one Herman J. Sadler, as attorney in fact for the Huntington and Diamond Valley Stock and Land Company, a corporation, transferred and conveyed the said Diamond Valley Ranch to Edgar A. Sadler and Alfred R. Sadler.

Plaintiff contends that the stipulation of February 14, 1918, was made and entered into by Louisa Sadler, Edgar A. Sadler, Alfred R. Sadler, Bertha L. Sadler and Clarence T. Sadler, heirs of Reinhold Sadler, deceased, in consideration of an agreement between them that Edgar A. Sadler and Alfred R. Sadler would acquire and hold the legal title to said real property, the Diamond Valley Ranch, and would take and hold title to and possession of the livestock, ranch equipment and other personal property situated thereon, in trust for the heirs of Reinhold Sadler, deceased, as named in the terms and provisions of the will of said Reinhold Sadler, a copy of which will marked Exhibit A is attached to the original complaint and by reference incorporated in the amended complaint.

Plaintiff further contends that on March 2, 1918, that being the date on which the above mentioned judgment and decree was entered and the day on which the above mentioned deed was executed by Herman J. Sadler, attorney in fact for the Huntington and Diamond Valley Stock and Land Company, defendant, Edgar A. Sadler and Alfred R. Sadler made and entered into a written memorandum of the aforesaid agreement to hold in trust for the heirs of said Reinhold Sadler, deceased, the said real property and appurtenances known as Diamond Valley Ranch and also all livestock and other personal property upon said ranch. A copy of said alleged memorandum is marked Exhibit L attached to the original complaint and by reference incorporated in the amended complaint.

Defendant, Edgar A. Sadler, admits the making of the said stipulation of February 14, 1918; but denies that said stipulation was made or entered into by Louisa Sadler, Edgar A. Sadler, Alfred R. Sadler, Bertha L. Sadler and Clarence T. Sadler or by any of them in consideration of any agreement between them, that said Edgar A. Sadler and Alfred R. Sadler would acquire and hold the legal title to said property in trust for the heirs of Reinhold Sadler, deceased. He also denies that he executed the said alleged trust agreement.

Defendant, Edgar A. Sadler, admits that he has refused and continues to refuse to do anything in relation to said alleged trust and claims that he is under no obligation to fulfill the promises alleged to have been made by him in said alleged agreement Exhibit L.

Defendant, Edgar A. Sadler, insists that he holds said property free from any claim of plaintiff or any other persons similarly situated under the terms of said alleged agreement Exhibit L and refuses to account to or give a statement of the business, receipts and disbursements to plaintiff or to the other alleged beneficiaries of the alleged trust agreement Exhibit L.

Alfred R. Sadler died on or about March 5, 1944, and Kathryn Powers Sadler is the administratrix of his estate and as such, made a party defendant herein.

Plaintiff prays judgment:

"1. That the defendant, Edgar A. Sadler, account for all properties, real and personal, received by him from, on account of, or through the said agreement Exhibit L and that he give an account of all his disbursements in connection with the said properties since the execution of the said agreement Exhibit L.

"2. That defendants, Edgar A. Sadler and Kathryn Powers Sadler, as Administratrix of the Estate of Alfred R. Sadler, deceased, be decreed and determined to be trustees for the heirs of Reinhold Sadler, deceased, and their successors in interest, and that it be decreed and adjudged that said defendants hold and possess said real property and its appurtenances and the said livestock, ranch equipment and other personal property, in trust for said beneficiaries under the terms and provisions of said memorandum of agreement Exhibit L."

Now, after due consideration of the matters presented and of the pleadings on file, I find as follows:

1. That Kathryn Powers Sadler, administratrix, is equally interested with the plaintiff here in defeating her co-defendant; that she seeks the same relief prayed for by the plaintiff; and that no controversy exists between Kathryn Powers Sadler, as administratrix, and her co-defendant, Edgar A. Sadler;

2. That assuming all the allegations of the complaint to be true, Kathryn

Powers Sadler is not a co-trustee with her co-defendant, Edgar A. Sadler, of the property described in the complaint and is not an indispensable party to this action.

As was said in City of Indianapolis v. Chase National Bank by the Supreme Court, 314 U.S. 63, 62 S.Ct. 15, on page 17, 86 L.Ed. 47:

"Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'"

The facts here are like those disclosed in the following quotation from the Opinion of the Court in Thomas v. Anderson, 8 Cir., 223 F. 41, on page 42:

"Three heirs at law of a testatrix sued the executor of her will officially and individually in the District Court of the United States for the Western District of Missouri to recover a part of the residuary estate. The plaintiffs were citizens of Tennessee. The executor, who was also an heir, was a citizen of Missouri. The administrator of a fifth heir, likewise a citizen of Missouri, was made a defendant. The single, common point of controversy shown by the bill of complaint was the construction and validity of the clause of the will purporting to dispose of the residuary estate. If the plaintiffs were right in their contention, each of them was entitled to one-thirteenth of that part of the estate, as though in respect thereof the decedent had died intestate, or, if not so, then that the executor took under the will as trustee for them, and the defendant administrator was entitled to a like share for the same reason. On the other hand, if the executor was right, he took the entire residuary estate under the will, to their exclusion. That the executor was also an heir, and had purchased the interests of certain other heirs, is unimportant. He was not asserting the right so derived and acquired to the detriment of the other parties to the suit. There was no controversy on that score. The controversy was directed solely to his claim to the entire residuary estate under the will. In that he stood alone, and the other parties to the suit, contesting his position, stood together against him. There was no dispute between the plaintiffs and the defendant ad-

ministrator. He was equally interested with them in defeating the executor. Therefore, in aligning the parties for the purpose of jurisdiction, he should be classed as a plaintiff. The result is we have a suit by three citizens of Tennessee and a citizen of Missouri against another citizen of Missouri. That this conclusion does not rest on fanciful premises is confirmed by what occurred after the bill of complaint was filed. The defendant administrator, in answering, admitted the plaintiff's averments and joined them in their prayer for relief. The decree of the court was for him equally with each of them, and with them he now asks an affirmance of the decree. He was a real and proper party plaintiff in the suit, and, being a citizen of the same state as the real defendant, the trial court was without jurisdiction. * * *

"The three plaintiffs who brought the suit could have maintained it without the administrator. The interest of the latter, though like, was severable from theirs, and his presence was not essential to the relief they sought in their own behalf. He was a proper party, but not an indispensable one, within the long-settled meaning of those terms. Waterman v. Canal-Louisiana Bank Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; Horn v. Lockhart, 17 Wall. 570, 21 L.Ed. 657. Where a person whose presence in a suit is proper, but not indispensable, cannot be made a party without ousting the jurisdiction of the trial court, it may in its discretion proceed in his absence, and the decree shall be without prejudice to his rights. The thirty-ninth equity rule ([28 U.S.C.A. § 723 Appendix] 226 U.S. 659, 33 S.Ct. XXIX), to that effect is declaratory of the settled practice at the time of its adoption.

"When the trouble is noticed after the suit has been brought, the power of the court to retain jurisdiction by allowing amendments to pleadings and dismissals of those whose presence would oust it has been upheld in the interest of justice and the speedy determination of litigation. Grove v. Grove, C.C., 93 F. 865. But the cure, if there can be one, must be had in the court of original cognizance, not in the appellate court. The former is the forum of first action, where the parties come and go, where the pleadings are presented and the issues formed and tried. The function of an appellate court is supervisory and corrective. By section 274c of the Judicial

Code (Act March 3, 1915 [28 U.S.C.A. § 399]) it has been enlarged in case of an existing diversity of citizenship defectively alleged; but the power to allow amendment, so conferred, does not reach the case at bar. Various conditions in which cases have been sent back to trial courts with authority to make corrections to show jurisdiction appear in the following: [Citing numerous cases].

"The decree is reversed, and the cause is remanded, with direction to dismiss the suit without prejudice for want of jurisdiction, unless the obstacle to the jurisdiction is removed with leave of the trial court."

The parties here must be realigned making Clarence T. Sadler and Kathryn Powers Sadler plaintiffs and Edgar A. Sadler defendant.

So realigned as above indicated, we then have a citizen of the State of Nevada, Kathryn Powers Sadler, as a plaintiff and Edgar A. Sadler a citizen of the State of Nevada defendant, thus diversity of citizenship is destroyed.

The action will be dismissed without prejudice for want of jurisdiction unless the plaintiff, Clarence T. Sadler, sees fit to make corrections by the dismissal of Kathryn Powers Sadler whom I hold to be not an indispensable party to this action.

■■■ Counsel for Clarence T. Sadler contend that Kathryn Powers Sadler is an indispensable party as an alleged co-trustee with defendant Edgar A. Sadler of the property described in the complaint.

The legal title to the property involved since March 2, 1918, to the death of Alfred R. Sadler, March 5, 1944, was in Edgar A. Sadler and Alfred R. Sadler and accepting the contention of the plaintiff for the purposes of this motion, Edgar A. Sadler and Alfred R. Sadler were co-trustees of the property involved in this controversy. On the death of Alfred R. Sadler, the title held by Alfred R. Sadler and Edgar A. Sadler devolved on the survivor, Edgar A. Sadler. See 65 C.J. page 636 § 496 where the following may be found:

"In the absence of contrary provision of statute or the trust instrument, trustees hold as joint tenants, and on the death of one, the title devolves on the survivor."

Nevada had no such statute at the time the alleged trustees acquired legal title.

The following from Syllabus No. 3, Mitchell v. Ottinger, 3 Cir., 105 F.2d 334:

"At common law, when there were several trustees, they were considered to hold the trust estate as joint tenants and on the death of any one trustee, the trust estate remained vested in the surviving trustee or trustees and the Pennsylvania rule is not otherwise."

In its Opinion, the Court in this case stated as follows on page 338 of 105 F.2d:

"Judgment has been rendered against William J. Mitchell, in his capacity as the executor of the estate of Marcella Cleary, as well as in his capacity as one of the surviving trustees. At common law when there were several trustees, they were considered to hold the trust estate as joint tenants and on the death of any one trustee the trust estate remained vested in the surviving trustee or trustees. In our opinion the rule in Pennsylvania is not otherwise. Nor is the liability of Marcella Cleary's executor enlarged by the provisions of the Act of the General Assembly of Pennsylvania of June 7, 1917, P.L. 447, § 35b, or any acts amendatory thereof or supplemental thereto, [20 P.S. § 772] the statutes referred to providing, inter alia, for suit against an executor when the deceased, if alive, would have been personally liable. Marcella Cleary, if she were alive, as one of the trustees would have been properly a party to the suit, since she along with the other trustees would have held title to the stock. Her liability however would not have been a personal liability since such is strictly limited by the provisions of R.S. § 5152 [12 U.S.C.A. § 66]."

The legal estate of co-trustees is held in joint tenancy, 54 American Jurisprudence, page 91, § 98.

Section 1513, Nevada Compiled Laws, dealing with tenancy in common, reads as follows:

"Every interest in real estate granted or devised to two or more persons, other than executors and trustees, as such, shall be a tenancy in common, unless expressly declared in the grant or devise to be a joint tenancy."

Illinois has a somewhat similar statute. In Booth v. Krug, 368 Ill. 487, 14 N.E.2d 645, 648, 117 A.L.R. 1193, on page 1199, I find the following statement by the Court:

"Appellants contend that the death of a trustee terminated the trust because they say the testator intended that the trustees should act jointly in administering the

trust, and that he wished his estate to have the benefit of their joint judgment rather than their individual judgments. It is, therefore, insisted that the court erred in dismissing their supplemental complaint. Conveyances to trustees are expressly excepted from the requirement of our statute that express words are necessary to create a joint tenancy, Ill.Rev.Stat.1937, c. 76 § 1, and we have held that trustees hold as joint tenants, unless a contrary intention is expressed, and on the death of one trustee, the administration of the trust devolves on the survivor, and does not pass to the heirs."

A federal court in a diversity case applies local law. Williams v. Green Bay & W. R. Co., 66 S.Ct. 284, citing Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

The motion is granted; and

It is hereby ordered that Kathryn Powers Sadler, as administratrix of the estate of Alfred R. Sadler, deceased, be, and she hereby is, realigned and designated as a party plaintiff in this action instead of a party defendant as she is now impleaded.

Unless the plaintiff, Clarence T. Sadler, avails himself of the suggestions contained in Thomas v. Anderson, 8 Cir., 223 F. 41, viz., by applying for the dismissal of Kathryn Powers Sadler, as administratrix of the estate of Alfred R. Sadler, deceased, as a party to this action within twenty (20) days from the date of the filing of this decision, the Court will, upon the application of defendant, Edgar A. Sadler, enter its order dismissing this action without prejudice, for want of diversity of citizenship.