Paul MUSGRAVE, Plaintiff in Error,

v.

DIERKS LUMBER AND COAL COMPANY, a Corporation, Union National Bank in Kansas City, Missouri, a Corporation, New Jersey Oil, Gas and Mining Company of Kansas City, Missouri, a Corporation, Herman Dierks, Herbert Dierks, and DeVere Dierks, Trustees, the Choctaw Lumber Company, a Corporation, Defendants in Error.

Perry V. DUNN, Plaintiff in Error,

v.

The CHOCTAW LUMBER COMPANY, a Corporation, Herman Dierks, Herbert Dierks and DeVere Dierks, Trustees, A. P. Brown, New Jersey Oil, Gas and Mining Company, a Corporation, Dierks Lumber and Coal Company, a Corporation, Herman Dierks, Herbert Dierks, Frederick H. Dierks, Harry L. Dierks, Hada M. Frey, Rose D. Hess, Minna M. Dierks, D. V. Dierks, DeVere Dierks, and the Unknown Heirs, Executors, Administrators, Assigns, Devisees, Trustees, Receivers, Successors and Creditors, immediate and remote, of any of them who or which may be dead, dissolved, inactive, bankrupt, out of business, or in receivership, Defendants in Error.

Nos. 35431, 35432

(Considered as Consolidated).

Supreme Court of Oklahoma.

Dec. 20, 1966.

**868**

Paul Musgrave and Perry V. Dunn, pro se.

Tom Finney, Idabel, for defendants in error.

PER CURIAM.

This appeal involves two companion cases, which, in regard to the issue involved here, were treated in the trial court, and for briefing here, in the manner of one consolidated case. Because of this, and the more important fact that the appeal in both cases involves the same question, the two appeals will be considered consolidated for the purpose of this court's decision.

In both cases, the parties appear here in the same relative order in which they appeared in the trial court, and will be referred to by their trial court designations of "plaintiff" and "defendants", respectively.

Both actions, docketed as the district court's causes numbered 4371 and 4854, respectively, were commenced by individuals, as plaintiffs, allegedly owning certain described tracts of Pushmataha County land, and seeking possession of said land, the quieting of their titles thereto, and the cancellation of certain allegedly void tax deeds procured by one A. P. Brown. In the petition he filed in Cause No. 4854, supra, during January, 1943, the plaintiff alleged that in April, 1926, he entered into a contract with the defendant, The Choctaw Lumber Company of Missouri, granting said Company the right to remove timber from the subject land for a period of fifteen years. Plaintiff's petition further alleged, among other things, in substance, that as a part of the consideration for entering into said timber contract, said Company, which was managed, controlled, and owned by members of the Dierks family, for whom Herman Dierks, Herbert Dierks, and De-Vere Dierks were trustees (of what is referred to herein as the "Dierks Trust"), agreed to keep the taxes paid on said land while the timber contract was in force and effect; that, despite said contract, said Lumber Company failed to pay the 1927 taxes on said land and "procured one of its employees, A. P. Brown, to purchase a tax sale certificate on said land" and, on July 16, 1931, procured a certificate tax deed on said property. The plaintiff further alleged that on October 15, 1936, the said A. P. Brown "conveyed whatever interest he obtained in said property by said certificate tax deed" to the aforenamed trustees, Her-

man Dierks, Herbert Dierks, and DeVere Dierks. The petition also pleaded, among other things, the conclusion that Brown's acts, were, in legal contemplation, the acts of "The Choctaw Lumber Company or said trustees or said members of said Dierks family * * *", and constituted a mode of paying the land's taxes so that the aforementioned tax deed vested no title to the land in Brown or his grantees.

In various answers and cross petitions filed over a period extending to October 11, 1940 in Cause No. 4371, supra, and to December 11, 1946 in Cause No. 4854, supra, the defendants asserted both general and special denials, pleas of bar by limitations, and other alleged facts, unnecessary to describe, that were contemplated to furnish bases for judgments in their favor.

In August, 1951, the plaintiffs filed simultaneous replies in both cases. A few days before this filing in Cause No. 4854, supra, and a few days after the reply's filing in Cause No. 4371, supra, an attorney for the defendants filed what was entitled an "AFFIDAVIT SUGGESTING DEATH OF DEFENDANTS AND MOTION TO DISMISS." In this pleading it was alleged, in substance, that the defendants Herman Dierks and Herbert Dierks had died on April 3rd, and October 8th, 1946, respectively, and that more than a year had elapsed since each death without plaintiff's alleged causes of action in the two cases having been revived in the name of their successor trustees. Affiant prayed that said causes be abated and the cases dismissed.

In a pleading entitled: "RESPONSE TO AFFIDAVIT AND MOTION TO DISMISS; AND MOTION TO ADD NEW DEFENDANTS AND PROCEED TO TRIAL", which the plaintiffs thereafter filed in both cases, it was alleged, in substance, that plaintiffs had not learned until August 11, 1955, that Herman and Herbert Dierks had died, and that Frederick H. Dierks and John M. Craig had succeeded them as trustees. In said pleading, plaintiffs prayed that Frederick H. Dierks and John M. Craig be made additional parties defendant, and that the two cases proceed to trial on their merits.

At the hearing held on the above described affidavits, responses, and motions during August, 1951, John, or J. M., Craig testified, and the alleged facts concerning the deaths of Herman and Herbert Dierks, and the succession of Frederick Dierks and Craig to their positions as Dierks trustees, were established. It was also established that DeVere Dierks had continued in his capacity as a Dierks trustee since before the filing of said action, and that title to the land involved in both cases was held in the names of the trustees for the benefit of members of the Dierks family. At the close of the hearing, the court sustained the hereinbefore described "motion * * *" to abate and dismiss, and entered separate judgments accordingly. After the overruling of their motions for new trials, plaintiffs in both cases lodged the present appeals in this court.

For reversal of the trial court's judgments, plaintiffs urge five propositions, which may be briefly summarized as follows:

1. That the Dierks Trust, which held the alleged tax titles involved, was continuous in nature; and revivor of these actions to quiet title against it was neither necessary, nor proper, the revivor statutes, Tit. 12 O.S.1961, secs. 1069–1073, which apply to individual defendants, being inapplicable to trusts of this character.

2. (In the alternative) That if revivor of these cases was proper, under Tit. 12 O.S.1961, sections 235 and 1072, the trial court should, under the circumstances, have allowed the successor trustees, Frederick H. Dierks and John M. Craig, to have been made additional parties defendant; and should thereafter have tried the two cases on their merits.

Defendants say that the trial court based his judgments on the case of Baker v. Deichman, 185 Okl. 452, 94 P.2d 246, and, pointing to the number of years that elapsed in Cause No. 4854, supra, between the date

of the tax deed involved and the commencement of said action, and the further period that elapsed from then, until the trial court's hearing, they say they "feel" that plaintiffs' failure to prosecute, as well as to revive the two actions in the names of the successor trustees "entered into the Court's judgment" of dismissal.

We do not think the cited case, or the statutory provisions cited therein, are applicable to this case. Here, the parties, on account of whose deaths the actions, according to defendants, abated, were trustees. If, as plaintiff's petition in Cause No. 4854, supra, alleged, A. P. Brown "conveyed whatever interest he obtained" in the subject real estate through his certificate tax deed, to the trustee, DeVere Dierks, and his now deceased cotrustees, Herman, and Herbert, Dierks, all three took as joint tenants rather than as tenants in common. See Kennedy v. Potts, 128 Neb. 213, 258 N.W. 471. This is in accord with the general rule (see 90 C.J.S. Trusts § 258, p. 295), and after quoting it, the court, in the cited case, held that the tax lien foreclosure action there involved, did not, upon the death of one of the two plaintiff trustees, abate under section 20–322 of Nebraska's Compiled Statutes of 1929 (same as sec. 25–322, Rev. St. of Neb., 1943), which said statute is identical in wording to our section 235, supra. Defendants do not contend that the Dierks Trust was a purely personal one, clearly intended to be executed only by the original persons named as trustees in its trust indenture; and we have examined the provisions of said indenture, as introduced in evidence, and are of the opinion that it was not such a trust. Therefore, its trustees come squarely under the rule followed in the Kennedy case, supra; and, since, in our opinion, it makes no difference under the particular wording of statutes identical with section 235, supra, whether deceased cotrustees are plaintiffs, or are defendants, we follow the precedent of that case and hold that the present actions did not necessarily abate upon the death of the cotrustees, Herman, and Herbert, Dierks.

Nor do we find proper predicate either in defendants' hereinbefore described affidavit suggesting death and motion to dismiss, or in the evidence introduced at the hearing thereon, for dismissal of the actions on account of failure to prosecute. We, of course, express no opinion on the matter of limitations, or other defenses alleged in defendants' answers and cross petitions, in regard to which there has yet been no trial or hearing.

Although, in view of the conclusion we have reached on the subject of the actions' survival, the successor trustees, Frederick Dierks and John C. Craig, are not "indispensable", as distinguished from "proper", party defendants in the actions (in this connection see Sadler v. Sadler, D.C.Nev., 65 F.Supp. 120, 123), we are of the opinion that the lower court should have granted the plaintiffs' motions to make them defendants.

In accord with the foregoing, the orders and/or judgments of the lower court in the cases herein considered as consolidated for the purpose of appeal, are hereby reversed and these cases are remanded to said court with directions to vacate said orders and proceed in a manner not inconsistent with the views expressed herein.

If it is determined on remand that the Dierks Trust is still in existence and that the tax deeds are still held as in the 1951 court hearing, and that the Dierks Trustees are still the same persons they were then, plaintiffs' motions to make Frederick H. Dierks and John M. Craig, as trustees, parties defendant to the action, should be sustained. It is so ordered.

HALLEY, C. J., and JACKSON, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY and LAVENDER, JJ., concur.

HODGES, J., dissents.